**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-16727 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00504-SRB |
| v. | |
| $311,229.00 IN US CURRENCY FROM ARIZONA ASSET MANAGEMENT AND RECOVERY INCORPORATED ACCOUNT LOCATED AT BANK OF AMERICA; $163, 987.42 IN US CURRENCY FROM WORLD FOOD GHANA LIMITED ACCOUNT LOCATED AT TD BANK; $2,000.00 IN US CURRENCY FROM WORLD FOOD ASSOCIATION ORGANIZATION ACCOUNT LOCATED AT CITIBANK, | MEMORANDUM[*] |
| Defendants, | |
| V. | |
| WORLD FOOD ASSOCIATION ORGANIZATION, S.A., INC., | |
| Claimant - Appellant. | |

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted October 9, 2014
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

World Food Association, Inc. appeals from the district court's order granting summary judgment to the United States in this civil forfeiture action. On appeal, World Food argues that the Government is not entitled to summary judgment because it has not established by a preponderance of the evidence that the $477,216.42 at issue in this case are proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343. We agree, and reverse.

The Civil Asset Forfeiture Reform Act (CAFRA), 18 U.S.C. § 983, establishes a burden-shifting scheme for summary judgment in civil forfeiture actions that requires the Government to prove, by a preponderance of the evidence, that the property in question is subject to forfeiture. 18 U.S.C. § 983(c)(1). Here, the undisputed facts do not show that the *res* sought to be forfeited is traceable to wire or mail fraud, *i.e.*, that World Food or its president, Henry Ford, knowingly devised a scheme to defraud Interfinanz Und Immobilien, AG ("IFG AG") by

entering into a contract that they had no intention of honoring. *See United States v. Jinian*, 712 F.3d 1255, 1260, 1265 (9th Cir. 2013).

The Government has not charged World Food or Mr. Ford with fraud related to this particular transaction, and as the Government acknowledges, IFG AG has not made an official request for the seized monies, nor has it sued World Food for breach of contract. Indeed, representatives of IFG AG insist that they "still trust" World Food and Mr. Ford, and have requested that the funds be released from seizure so that World Food can either perform under the contract or return the money to IFG AG. Whether World Food was required to use the money from IFG AG to purchase gold under the contract, or whether it could use the funds at its discretion, is a triable issue of fact for the jury that the plain language of the contract does not resolve.

Viewed in the light most favorable to World Food, the evidence the Government has produced does not establish, by a preponderance of the evidence, that World Food and Mr. Ford fraudulently obtained money from IFG AG. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). Because the government has not borne its burden under CAFRA, it is not entitled to summary judgment at this stage of the proceedings.

The judgment of the district court is **REVERSED** and **REMANDED** for further proceedings.